UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) NO: 23-41881-659 |
| KIM Y JACKSON | ) |
| DEBTOR | ) Chapter 13 |
| | ) |

<u>TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DOC 6 INCORRECTLY LABELED FIRST AMENDED PLAN)</u>

Comes now Diana Daugherty, Standing Chapter 13 Trustee, and for her objection states as follows:

1. It does not appear Debtor qualifies to be a debtor under Chapter 13 of the Bankruptcy Code because she does not have regular income, 11 U.S.C. section 109(e), nor does it appear she has the ability to make all payments required by the Chapter 13 plan and to comply with the plan, 11 U.S.C. section 1325(6).

    a. Debtor's only scheduled source of income is $7,000 net per month from her businesses. At the 341 meeting, Debtor testified that the businesses only produce income when they sell a parcel of real estate. The businesses have not recently produced sufficient income to fund their own expenses or to provide Debtor with net income to fund her expenses and it does not appear the businesses will produce sufficient income of fund their own expenses, Debtor's expenses and Chapter 13 plan payments in the foreseeable future. Although Debtor testified she has

1

started driving for DoorDash, this produces less than $500 per month.

b. The 2022 federal tax return provided to the Trustee shows only $25,603 net income from operation of "real estate investments" and a $20,274 loss from rental property. The tax returns do not support Debtor's assertion at the section 341 meeting that her businesses previously produced income in line with that listed on bankruptcy Schedule I.

c. Debtor schedules a mortgage debt to Superior Loan Servicing as co-signed with Jacks Baby Enterprises LLC and proposes that the co-signer will make the monthly payments on this debt. Per 341 meeting testimony, however, the co-signer has not made and does not have the ability to make monthly payments on this mortgage.

2. The Chapter 13 plan does not appear to be proposed in good faith nor does the filing of the petition appear to be in good faith. 11 U.S.C. section 1325(a)(3) and (7). Debtor's schedules contain multiple errors and omissions. The errors and omissions are significant enough that the Trustee believes she cannot rely on the information provided and cannot conduct a sufficient review of Debtor's case to recommend confirmation even if the errors identified so far are resolved. In addition to issues identified in other paragraphs:

a. Schedule I does not reflect current income.

b. Debtor scheduled only $5,380 in general unsecured debt and did not schedule any student loan debt, but per proof of claim #8 filed by the

2

US Department of Education Debtor owes $122,826.52 in student loan debt.

c. Debtor failed to schedule any real estate tax owed, but per Assessor records the 2022 tax for her residence has not been paid.

d. Debtor's plan fails to properly address the mortgage on her residence, which is accelerated and has a balloon payment such that it must be paid in full prior to the end of the Chapter 13 case.

e. Debtor is the sole organizer of a third business entity not disclosed in the bankruptcy filings: Jack's Baby Club Lounge and Restaurant which has the same principal office address as the two scheduled entities.

3. The Chapter 13 plan falls over $100,000 short of paying the guaranteed 100% to general unsecured creditors with the student loan proof of claim as filed.

4. The St. Louis County Assessor's website shows Debtor's 100% owned LLC, Jacks Baby LLC, as the owner of two parcels of real estate which are not disclosed in the bankruptcy documents: 10112 Earl and 10012 Empire. At the section 341 meeting on June 28, 2023, Debtor testified that both properties were sold "last month" for $5,000 and $16,000 respectively and the sale proceeds were deposited into the bank account of JBE Corporation, Debtor's 100% owned corporation. A search of Tapestry real estate records does not disclose a recorded deed transferring title from the LLC to another party. The Trustee

3

requests documentation showing the date and amount of the sales and copies of the bank statements for the months of April, May and June 2023 showing deposit and disposition of the sale proceeds.

5. Debtor testified that neither business produces rental income and that she does not own any rental property, but her 2022 return shows gross rental income and a net rental loss for real estate at 10500 Prestwick. Debtor testified this property was owned and sold by Jack's Baby LLC in 2022 and Tapestry records show sale of the property on September of 2022. The Trustee requests a statement from Debtor, signed under penalty of perjury and filed with the Bankruptcy Court as a response to this objection, clarifying the discrepancy between the 341 meeting testimony regarding lack of rental income and the 2022 return showing receipt of rental income.

6. The Trustee requests copies of any 2022 tax returns filed for JBE Corp.

7. Per 341 meeting testimony, Debtor does not currently have insurance on her residence at 5947 Hamilton. Debtor should promptly obtain insurance and provide proof of insurance to the Trustee. Debtor schedules a $900 per month expense for homeowner's insurance and testified that this is her cost for insurance. The Trustee requests a full copy of the insurance declaration and bill to support this expense.

8. The Trustee requests a complete asset and liability statement for JBE Corp and for Jack's Baby Enterprises LLC, listing each asset owned, the value of

the asset, and listing each debt owned and amount of debt.

9. The Trustee requests appraisals or BPO valuations for the four properties owned by Debtor's business entities.

10. Debtor's attorney has not filed an attorney fee election form.

11. The plan provides for payment of $4,600 in attorney fees in addition to the $300 paid prior to filing the petition. Fees paid exceed either the amount allowed without application or the flat fee.

12. PRELIMINARY STATEMENT OF INVESTIGATION. Debtor discloses two 100% owned entities, both of which she testified purchase, fix up, and sell real estate as their only source of income. JBE Corporation was started in August of 2022 (per 341 meeting testimony) and administratively dissolved in March 2023. Schedule B states this corporation owns 2024 Janette Ave. Jack's Baby Enterprises LLC was started in April 2017 and owns three parcels of real estate: 4549 Lexington Ave, 5960-62 MLK Drive, and 226 S Margarite. Both businesses operate from a rented office. Only the corporation has a bank account and Debtor deposits checks for property the LLC sells into the corporation's bank account. Debtor also testified to an intent to transfer property from the LLC to the corporation. Debtor testified that even after using $21,000 net sale proceeds to pay business bills last month, the businesses still owe back rent. Debtor also testified that the mortgages on the business property are not paid each month- the mortgages only receive payment after a sale of property produces net

proceeds to pay bills. Debtor values the corporation at $40,000 and the LLC at $0, indicating that LLC debts exceed income.  The business income and expense statement provided appears to be based on speculation of long-term future income in a very optimistic scenario and does not reflect the current income and expenses of the businesses. Based on the inconsistent and incomplete information provided, it does not appear that operation of either business is in the best interests of the bankruptcy estate. It does not appear either business can meet it's regular monthly expenses nor produce income without incurring further debt.

Wherefore the Trustee prays that the Court deny confirmation of the Chapter 13 plan and for such other relief as the Court deems appropriate.

/s/ Diana S. Daugherty
Diana S. Daugherty MO36347
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143
(314) 781-8100
(314) 781-8881 fax
trust33@ch13stl.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on the 28 day of June,  2023 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by

6

Regular United States Mail Service, first class, postage fully pre-paid, addressed to to the parties listed below on the 28 day of June, 2023.

Kim Y Jackson
5947 Hamilton Terrace
St. Louis, MO  63112


<u>/s/ Diana S. Daugherty</u>